UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Baldasaro,

    Plaintiff,

       v.                            Civil Action No. 2:16–cv–252–wks–jmc

Vermont Department of Corrections,
Lisa Menard, and Maryann Zajchowski,

    Defendants.


**REPORT AND RECOMMENDATION**
(Docs. 10, 12)

      Plaintiff John Baldasaro, an inmate in the custody of the Vermont Department of Corrections (DOC), has filed this action pursuant to 42 U.S.C. § 1983 against Defendants the DOC, DOC Commissioner Lisa Menard, and Maryann Zajchowski, a registered nurse who treats inmates under contract with the DOC. (Doc. 6 at 3.) Baldasaro alleges violations of the Fourteenth Amendment, Eighth Amendment, the Americans with Disabilities Act, and related state law violations, arising out of DOC officials' mistreatment of him and failure to accommodate his wheelchair use at Southern State Correctional Facility. (*Id.* at 4–28.) Baldasaro seeks declaratory relief, compensatory and punitive damages, and any other relief the Court may deem appropriate. (*Id.* at 28–29.) Defendants removed this action to federal court on September 19, 2016. (Doc. 1.)

Presently before the Court is Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Doc. 10.) Therein, Defendants argue that Baldasaro has not properly served Defendants and that his failure to do so cannot be excused for good cause. (*Id.* at 3–5.) Baldasaro opposes the Motion and has moved to extend the deadline for service of process, arguing that he has attempted to perfect service, and that Defendants had actual notice of the litigation and would not be prejudiced by the extension of time for service. (Doc. 12 at 2–4; *see also* Doc. 11 at 2–4.)

For the reasons set forth below, I recommend that Defendants' Motion to Dismiss (Doc. 10) be DENIED and Baldasaro's Cross-Motion to Extend the Deadline for Service of Process (Doc. 12) be GRANTED.[1]

## Background

Baldasaro filed the original state court action in the Vermont Superior Court for Washington County on August 22, 2016, initially proceeding *pro se*. *Baldasaro v. Vermont DOC et al.*, Docket No. 498-8-16 Wncv (Vt. Sup. Ct.) (Doc. 3); (*see also* Doc. 1-3 at 31; Doc. 6-1 at 1). Baldasaro sent a copy of the Complaint, two copies of a summons directed to Menard, and two copies a Notice of Lawsuit and Request for Waiver of Service of Summons to Menard, signed August 18, 2016, "requesting that [Menard]

---

[1] This recommendation does not bear on the sufficiency of the allegations in Baldasaro's Complaint, and at this early stage of the proceedings, it appears that Baldasaro may face significant hurdles in advancing his claims. For example, claims against the DOC, and claims for money damages against DOC employees in their official capacities, may be barred by the doctrine of sovereign immunity under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the DOC, and any individual DOC defendant sued in her official capacity for money damages, do not constitute "persons" subject to suit under §1983. *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998).

sign and return" the waiver "[t]o save the cost of serving [her] with a formal judicial summons and another copy of the complaint." (Doc. 1-3 at 32–37; Docs. 6-2–6-4.) Baldasaro requested a signed copy of the waiver by September 8, 2016. (Doc. 1-3 at 32, 33; Doc. 6-2 at 1, 2.) Attorneys from the Prisoners' Rights Office have since represented Baldasaro, beginning September 12, 2016. (Doc. 7 (Attorney Kelly Green Notice of Appearance on behalf of Baldasaro); *see also* Doc. 8 (Attorney Jill Martin Notice of Appearance on behalf of Baldasaro).)

Defendants filed a Notice of Removal on September 19, 2016, noting the nature and substance of Baldasaro's claims and removing the action to this Court. (Doc. 1.) A few weeks later, Baldasaro sent a letter to Deputy Attorney General Susanne Young, referencing an additional Waiver of Service of Summons he had sent to Menard on September 19, 2016. (Doc. 10-2 at 1; Doc. 12-1 at 1.) Baldasaro explained that he had sent copies of the Complaint with the waiver form. (*Id.*) On October 24, 2016, Baldasaro sent a letter to Assistant Attorney General Robert LaRose, stating that Defendants had not signed the waiver of service. (Doc. 10-3 at 1.)

Defendants filed the instant Motion on April 11, 2017. (Doc. 10.) Shortly thereafter, Rhonda Prensky, Administrative Secretary for the Prisoners' Rights Office, sent a Notice of Lawsuit and Waiver of Service of Summons and a Waiver of Service of Summons form to Defendants' attorneys on behalf of Baldasaro. (Doc. 11-2 at 1, ¶ 2.) Prensky additionally hand delivered these papers and a copy of the Complaint to the Vermont Attorney General's Office. (*Id.* ¶ 3.) The Attorney General's Office subsequently communicated that the DOC was in the process of executing the waiver of

3

service.  (*Id.* ¶ 4.)  On May 8, 2017, Prensky again sent a Notice of Lawsuit and waiver of service forms to Pamela Eaton, attorney for the remaining Defendants.  (*Id.* ¶ 5.)  Prensky has not received a response from these Defendants (*id.* ¶ 6), but explains that if she has not received signed and executed waivers of service within 30 days, she will effectuate service on the remaining Defendants[2] (*id.* at 2, ¶ 8).

## Discussion

When, prior to removal from state court, "one or more of the defendants has not been served with process," or service has not been perfected or is defective, "such process or service may be completed or new process issued in the same manner as in cases originally filed" in federal district court.  28 U.S.C. § 1448.  The Federal Rules of Civil Procedure require service to be made in accordance with state law where the district court is located,[3] or with the federal requirements.  Fed. R. Civ. P. 4(e).

Proper service is accomplished when the plaintiff causes the summons and a copy of the complaint to be served on the defendant "within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(c)(1), 4(m); *see also* Vt. R. Civ. P. 4(d).  The defendant, however, "has a duty to avoid unnecessary expenses of serving the summons," and accordingly the plaintiff "may notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons."  Fed. R. Civ. P. 4(d)(1); *see*

---

[2] Because 30 days have elapsed since May 8, 2017—the date Prensky sent the second Notice of Lawsuit and request to waive service to Attorney Eaton—the Prisoners' Rights Office presumably has effectuated service, or is in the process of doing so, if the remaining Defendants did not waive service. (*See* Doc. 11-2 at 1, ¶ 5, 2 ¶ 8.)

[3] The Vermont Rules of Civil Procedure for service of process largely mirror the Federal Rules. *See* Vt. R. Civ. P. 4.

*also* Vt. R. Civ. P. 4(l)(2). The notice and waiver request must be in writing, addressed to the defendant or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, inform the defendant of the consequences of waiving and not waiving service, allow at least 30 days for the defendant to return the waiver, and be sent by reliable means, such as via first-class mail. Fed. R. Civ. P. 4(d)(1)(A)–(G); *see also* Vt. R. Civ. P. 4(l)(3). If the defendant fails to execute the waiver "without good cause," the court must order the defendant to pay "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2); *see also* Vt. R. Civ. P. 4(l)(6).

If a defendant has not been served within 90 days of the plaintiff filing the complaint, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). Courts should evaluate compliance with the service of process rules "in a manner reasonably calculated to effectuate their primary purpose: to give the defendant adequate notice that an action is pending." *Chandler v. C.C.S. Med. Servs.*, Civil Action No. 2:16–cv–22–cr–jmc, 2016 WL 8453025, at *4 (D. Vt. July 11, 2016) (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251

(S.D.N.Y. 1997)), *report and recommendation adopted*, 2016 WL 4491763 (D. Vt. Aug. 26, 2016).

Here, Baldasaro arguably has shown good cause for his failure to timely serve Defendants because he has attempted to secure Defendants' waiver of service of process. Even if Baldasaro's failure to effect service cannot be excused by good cause, Defendants have actual notice of Baldasaro's claims and would not be prejudiced by an extension of service.

### I.  Good Cause

Defendants argue that "no Defendant has been served with a summons and complaint in this matter, nor has any Defendant waived the requirements of service" (Doc. 10 at 2, ¶ 9), and that Baldasaro's failure to make service of process is not excused by good cause because Baldasaro has been represented by counsel since September 2016, has not requested an extension of time to effectuate service, and has expressed his familiarity with the service of process rules (*id.* at 5). Defendants further contend that Baldasaro's correspondence prior to removal of this case to federal court did not constitute service of process, and that no service has been attempted since the matter was removed to federal court. (*Id.* at 3–4; *see also* Doc. 10-1; 10-4; 10-5.) In opposition, Baldasaro states that he has attempted to perfect service and has relied on representations by the DOC that it will waive service. (Doc. 12 at 3–4.)

"In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *McGee v. Pallito*, Civil Action No. 1:10–CV–11, 2011 WL 7657585, at

6

\*1 (D. Vt. Dec. 20, 2011) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)), *report and recommendation adopted*, 2012 WL 1145867 (Apr. 5, 2012).  Courts may consider "whether a plaintiff has 'advance[d] some colorable excuse for neglect,'" and "the length of time the plaintiff waited to effect service or seek an extension." *Klinker v. Furdiga*, No. 5:12–CV–254, 2013 WL 1705106, at \*3 (D. Vt. Apr. 19, 2013) (alteration in original) (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)).  In *Klinker*, this Court found that plaintiff's counsel's assumption that defendants would "waiv[e] service in compliance with the Federal Rules of Civil Procedure," and the attorney's attempts to effect service by communicating with defendants' counsel, including sending counsel the complaint prior to the service of process deadline, excused the failure to serve. *Id.* at \*4–5.  The Court also found dismissal on the basis of improper service inappropriate where defendants were apparently on notice of the action, and where the *pro se* plaintiff's flawed "attempt at service" was "only apparently because of his lack of familiarity with the required procedure." *Coon v. Shea*, Civil Action No. 2:14–cv–85, 2014 WL 5847720, at \*6 (D. Vt. Sept. 5, 2014).  By contrast, in *Cobbs v. Clements*, the Court granted the defendant's motion to dismiss under Rule 12(b)(5), in part because plaintiffs "made no attempt to locate [defendant] or timely request an extension to serve him," and there was no evidence that the defendant was aware of the lawsuit until nearly a year after its filing. No. 1:08–CV–244, 2009 WL 3048476, at \*2 (D. Vt. Sept. 14, 2009).

Applied here, while proper service has not been effectuated, both Baldasaro and his attorneys have requested that Defendants waive service of process, and Defendants appear

7

mistaken in their claim that "no Defendant has been served with a summons and complaint." (Doc. 10 at 2, ¶ 9.)  Baldasaro has attempted at least twice to secure Defendants' waiver of service.  While he was proceeding *pro se* in state court, Baldasaro mailed a copy of his Complaint, two copies of a summons, and two copies of a Notice of Lawsuit and Request for Waiver of Service of Summons to Menard, signed August 18, 2016, "requesting that [she] sign and return" the waiver "[t]o save the cost of serving [her] with a formal judicial summons and another copy of the complaint." (Doc. 1-3 at 32–37; Doc. 6-2 at 1, 2.)  Baldasaro requested a signed copy of the waiver to be returned to him by September 8, 2016. (Doc. 1-3 at 32, 33; Doc. 6-2 at 1, 2).  This mailing by Baldasaro, evidently overlooked by both parties here, substantially complied with the waiver of service rules.  *See* Vt. R. Civ. P. 4(l)(3).  Any error in Baldasaro's attempt to secure Menard's waiver of service can be attributed to "his lack of familiarity with the required procedure" while he proceeded *pro se*.  *Coon*, 2014 WL 5847720, at *6.

In October 2016, Baldasaro sent a letter to Deputy Attorney General Young referring to another Waiver of Service of Summons that he had sent, dated September 19, 2016, along with copies of his Complaint. (Doc. 10-2 at 1; Doc. 12-1 at 1.)  Baldasaro "believed he had included the waiver of service of summons in his correspondence and thus substantially complied with the requirements for service." (Doc. 12 at 2–3 (citing Doc. 12-1).)  Baldasaro later acknowledged that Defendants had not yet waived service in a letter to Assistant Attorney General LaRose. (Doc. 10-3 at 1.)  Most recently, the Prisoners' Rights Office sent a Notice of Lawsuit and Waiver of Service of Summons and a Waiver of Service of Summons form to Defendants' attorneys on Baldasaro's behalf.

(Doc. 11-2 at 1, ¶ 2.)  The Attorney General's Office has communicated the DOC's intent to waive service.  (*Id.* ¶ 4.)

While Baldasaro offers no explanation for the lapse of time from the initial attempts to secure Defendants' waiver of service in the fall of 2016, to the most recent efforts to do so in April 2017, it is clear that Baldasaro, and subsequently his attorneys, believed that Defendants would waive service in compliance with both the state and Federal Rules of Civil Procedure.  *See Klinker*, 2013 WL 1705106, at *4.  But even if these attempts do not constitute good cause for Baldasaro's failure to serve process, Defendants will not be prejudiced by an extension of the deadline for service because they have been on notice of Baldasaro's claims since the lawsuit's inception, as discussed below.

## II.    Prejudice and Actual Notice

In his Opposition to Defendants' Motion to Dismiss and Cross-Motion to Extend the Deadline for Service of Process, Baldasaro argues that Defendants will not be prejudiced by an extension of the service of process deadline because the case is still in its early stages and Defendants have had actual knowledge of the pending litigation since the suit was filed.  (Doc. 12 at 2–3.)

"[D]istrict courts have the discretion to grant extensions of the service period even where there is no good cause shown."  *Zapata*, 502 F.3d at 196 (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996)); *see also McGee*, 2011 WL 7657585, at *2; *Bender v. Gen. Servs. Admin.*, 539 F. Supp. 2d 702, 705 (S.D.N.Y. 2008).  "Such discretion should be exercised after a 'weighing of overlapping equitable considerations'"

9

*Chandler v. Fontaine*, No. 1:07–CV–251, 2008 WL 4642251, at *2 (D. Vt. Oct. 15, 2008) (quoting *Zapata*, 502 F.3d at 197), including "whether the defendant had actual notice of the claims asserted in the complaint," and "whether the defendant would be prejudiced" by an extension of service, *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006).

This Court has found "minimal" prejudice caused by extending the time for service when a case is "still in the earliest stages," "[n]o answers have been filed, and there has been no discovery," such that defendants would not be "place[d] . . . at any sort of disadvantage." *McGee*, 2011 WL 7657585, at *2; *see also Chandler*, 2008 WL 4642251, at *2 ("It appears from the papers that the defendants have actual notice of the lawsuit, have retained counsel, and once served will be able to participate in all aspects of the case, including full discovery."); *Bender*, 539 F. Supp. at 705 (finding "the interests of justice would not be served by dismissal of a claim on purely technical grounds" where defendants "had actual notice of the lawsuit in a timely manner, and ha[d] been active participants in the suit from the very beginning").  Similarly in denying the Rule 12(b)(5) motion to dismiss in *Klinker*, the Court noted that defendants would "neither be forced to defend a suit of which they had no notice until service . . . nor will they be thrust into the midst of a suit that has already proceeded for some time," especially where defendants did not claim that they had no knowledge of the plaintiff's suit.  2013 WL 1705106, at *4 (citation omitted).  *Cf. Zapata*, 502 F.3d at 198–99 (finding prejudice when defendant had no notice "that the action was forthcoming ([or] already pending)").  Finally, defendants are not prejudiced if an extension of time for service falls within the statute of limitations.

10

*See Beauvoir*, 234 F.R.D. at 59.  *Cf. Cobbs*, 2009 WL 3048476, at *2 (finding defendant would have been prejudiced by an extension of service because the statute of limitations would have otherwise barred the action).

Defendants have not alleged, nor does it appear, that they would be prejudiced by an extension of time for service here.  The case is still in the early proceedings, no answers have been filed, and discovery has not begun.  *See McGee*, 2011 WL 7657585, at *2.  Defendants have retained counsel and have had actual notice of and have actively participated in the suit from the beginning.  *See Chandler*, 2008 WL 4642251, at *2.  In fact, Defendants referenced the substance of Baldasoro's claims extensively in their removal notice (Doc. 1), filed less than a month after Baldasaro filed his Complaint in state court (Doc. 6).  Finally, extension of the service of process deadline would not allow Baldasaro to circumvent the statute of limitations or require Defendants "to defend an otherwise invalid action."[4]  *Cobbs*, 2009 WL 3048476, at *2; *see also Beauvoir*, 234 F.R.D. at 59.  Accordingly, even if the Court concludes that Baldasaro has not demonstrated good cause for the extension of service period, I recommend that the Court grant this extension in its discretion.

## **Conclusion**

---

[4] The applicable limitations period for § 1983 actions in this Court is three years.  *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Vt. Stat. ann. tit. 12, § 512(4) (establishing three-year limitations period for personal injury actions).  Here, Baldasaro's claims apparently date back to approximately June 18, 2015, when he was transferred to the custody of the Vermont DOC.  (Doc. 6 at 3–4, ¶ 10.)  Accordingly, any extension of the service of process deadline would be well within the limitations period, set to expire in June 2018.

For these reasons, I recommend that Defendants' Motion to Dismiss (Doc. 10) for insufficient service be DENIED. I further recommend that Baldasaro's Motion to Extend the Deadline for Service of Process (Doc. 12) be GRANTED. If these recommendations are adopted, I recommend that Baldasaro be ordered to effect proper service upon Defendants within 30 days of the decision of the District Court.

Dated at Burlington, in the District of Vermont, this 14th day of June 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).